UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                                           CRIMINAL ACTION NO. 5:24-cr-00031

DAEMIEN THOMPSON – 3

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant Daemien Thompson's Motion to Sever His Case from Codefendant(s) or in the Alternative Exclude Codefendants' Statements at Trial [ECF 104], Motion to Suppress Written or Oral Statements Allegedly Made by the Defendant and For the Court to Conduct an In-Camera Hearing on Admissibility of Any and All Oral Statements Attributed to the Defendant, [ECF 106], Motion for Additional Peremptory Strikes [ECF 107], Motion in Limine to Exclude the Government's Audio and Video Recordings of November 27, 2022, [ECF 108], Motion in Limine to Exclude the Testimony of CI Regarding Any and All Statements Made by Phillip Gray to Joshua Gray About Daemien Thompson Regarding the Alleged Offenses [ECF 112], all filed August 22, 2024. The Government responded in opposition to these pending motions on August 29, 2024, and August 30, 2024. [ECF 119–20]. Also pending are Mr. Thompson's Motion to File Objections to Magistrate Judge Aboulhosn's Order Under Seal [ECF 141], and his Objections to Magistrate Judge Aboulhosn's Order Denying Defendant's Motion to Dismiss the Indictment Due to Incorrect Information Provided to Grand Jury [ECF 142], both filed September 9, 2024. Further pending are Mr. Thompson's Motion in Limine to Exclude The Four (4) Rap Music Videos Disclosed by the Government [ECF 190], Motion in Limine to Exclude Confidential

Informant From Testifying [ECF 192], and Motion in Limine to Exclude any Evidence the Government Seeks to Admit Under Fed. R. Evid. 404(b) [ECF 194], all filed October 28, 2024. Lastly pending is Mr. Thompson's Motion to Exclude the Codefendant John Gray's Testimony [ECF 241], filed January 27, 2025. The Government responded in opposition [ECF 247] on February 3, 2025. The matter is ready for adjudication.

## I.

Mr. Thompson is charged in two counts of a seven-count indictment. Mr. Thompson is charged in Count One with conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and in Count Two with aiding and abetting codefendant Phillip Gray in the distribution of five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Mr. Thompson's trial is set to begin Tuesday, February 25, 2025.

## II.

A.  *Motion to Sever [ECF 104]*

Mr. Thompson asserts he would be unfairly prejudiced by co-defendant Phillip Gray's alleged incriminating statements to the confidential informant from February 2, 2023, and thus severance is appropriate. He contends "the confidential informant stated that Phillip Gray advised Joshua Gray had a half (1/2) pound here if you want it and was waiting on Damien Thompson to bring the rest." [ECF 104]. Mr. Thompson claims that he would not be able to cross-examine Phillip Gray inasmuch as he is a co-defendant. Further, having to share peremptory strikes would substantially prejudice Mr. Thompson. In the alternative Mr. Thompson moves in limine to

preclude the Government from admitting the alleged statements of Phillip Gray as the admission of the statements would deprive Mr. Thompson of his Sixth Amendment right to cross examine.

The Government responds that although a co-conspirator's statement may be harmful, it does not amount to unfair prejudice. [ECF 120 at 4]. Further, the statement is relevant and necessary to prove the elements of the crime charged. Specifically, that Mr. Thompson was involved in an agreement to distribute methamphetamine. The Government asserts the statement at issue was made to a confidential informant and not law enforcement; thus, Phillip Gray would not be necessary to testify about the statement. As to the admission of the statement, the Government maintains the statement is not hearsay pursuant to Rule 801(d) inasmuch as Phillip Gray is a co-defendant. Thus, the Government contends statements made by Phillip Gray may be testified to by a confidential informant and no Sixth Amendment issue would arise.

*Federal Rule of Criminal Procedure* 8(b) provides "[t]he indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Pursuant to Rule 14, a court may sever the defendants' trial if joinder of the offenses "appears to prejudice a defendant." Fed. R. Crim. P. 14(a).

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Zafiro v. United States*, 506 U.S. 534, 539 (1993). "A defendant seeking severance pursuant to Rule 14 'has the burden of demonstrating a strong showing of prejudice.'" *United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008) (quoting *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984)).

Mr. Thompson's one sentence does not meet the burden of demonstrating a strong showing of prejudice. Additionally, the admission of Phillip Gray's statement does not present any Sixth Amendment concerns inasmuch as it was made by a coconspirator. *United States v. Hargrove*, 508 F.3d 445, 448 (7th Cir. 2007) ("[W]e have previously held that *Crawford* did not affect the admissibility of coconspirator statements . . . . This conclusion is shared by our sister circuits."); *United States v. Bridgeforth*, 441 F.3d 864, 869 n. 1 (9th Cir. 2006); *United States v. Martinez*, 430 F.3d 317, 329 (6th Cir. 2005); *United States v. Delgado*, 401 F.3d 290, 299 (5th Cir. 2005); *United States v. Hendricks*, 395 F.3d 173, 183–84 (3d Cir. 2005); *United States v. Saget*, 377 F.3d 223, 224–25 (2d Cir. 2004); *see also* Fed. R. Evid. 801(d)(2)(E) (noting that a statement that meets these conditions does not qualify as hearsay: "The statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." Our Court of Appeals is in accord. *See United States v. Ayala*, 601 F.3d 256, 268 (4th Cir. 2010) ("Indeed, this court has previously recognized that statements "made by a co-conspirator to a third party who is not then a member of the conspiracy" are admissible when made in the course and furtherance thereof. Accordingly, that a comment was made to or in the presence of a government informant does not, without more, render it inadmissible under Rule 801(d)(2)(E).") (cleaned up).

Accordingly, Mr. Thompson's Motion to Sever His Case from Codefendant(s) or in the Alternative Exclude Codefendants' Statements at Trial [**ECF 104**] is **DENIED**.

B.    *Motion to Suppress Written or Oral Statements [ECF 106]*

Mr. Thompson seeks to suppress "any written or oral statements or any evidence obtained by virtue or any statements allegedly made by the Defendant." [ECF 106]. The

4

Government responds there are "no written or oral statements made [by Mr. Thompson] in the presence of agents or law enforcement officers that [it] seeks to admit." [ECF 120 at 5]. However, to the extent Mr. Thompson seeks to exclude statements made while being recorded during a controlled purchase of drugs, the Government asserts those statements were not custodial in nature. Thus, it contends no right to counsel exists and the voluntariness of those statements is not at issue. Further, the Government maintains statements made by Mr. Thompson or his co-conspirators are not hearsay pursuant to *Federal Rule of Evidence* 801(d)(2).

The Government does not seek to admit any written or oral statements by Mr. Thompson, nor are there such statements made by Mr. Thompson for which exclusion is warranted. Accordingly, Mr. Thompson's Motion to Suppress Written or Oral Statements Allegedly Made by the Defendant and For the Court to Conduct an In-Camera Hearing on Admissibility of Any and All Oral Statements Attributed to the Defendant, [**ECF 106**], is **DENIED AS MOOT**.

C.    *Motion for Additional Peremptory Strikes [ECF 107]*

Mr. Thompson asserts it is "substantially prejudicial to [him] . . . to share 10 preemptory challenges when the government's discovery involving him is substantially different" from his co-defendants. He seeks additional and separate preemptory challenges. [ECF 107]. The Government responds Mr. Thompson's one substantive count consists of aiding and abetting another in the distribution of methamphetamine, and the evidence regarding his conspiracy charge with his co-defendants will not be "substantially different." [ECF 119 at 2]. However, to the extent that it is, the difference does not warrant additional preemptory strikes. The Government contends that permitting additional preemptory strikes would greatly increase the size of the jury pool needed.

At this time, the Mr. Thompson's Motion for Additional Preemptory Strikes [**ECF 107**], is **DENIED WITHOUT PREJUDICE**. The Court will address this matter on proper motion at the time of jury selection.

### D. *Motions in Limine*

#### 1. Exclude the Government's Audio Video Recordings [ECF 108]

Mr. Thompson seeks to exclude the three audio video recordings taken November 27, 2022. [ECF 108]. He contends any probative value is substantially outweighed by unfair prejudice due to their unintelligible nature. The Government asserts the audio video recordings directly establish an element of the offense. The Government further asserts the video quality Mr. Thompson references is an issue that pertains "to the weight of the evidence rather than its admissibility," which is addressed by the jury. [ECF 119 at 4].

District courts "may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice." Fed. R. Evid. 403. "[U]nfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Hart*, 91 F.4th 732, 743 (4th Cir. 2024) (quoting *United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019)). "In contrast to such unfairly prejudicial evidence, we have found prejudicial evidence admissible when it directly establishe[s] an element of the offense." *United States v. Miller*, 61 F.4th 426, 429 (4th Cir. 2023) (alteration in original) (internal quotations omitted).

The audio and video recordings hold significant probative value as they help depict the transaction alleged. *See Miller*, 61 F.4th at 431 (finding evidence to be highly probative because it goes directly to the elements of an offense). Here, the evidence could be used to show Mr.

Thompson distributed a controlled substance on or about November 27, 2022. Further, though the evidence is prejudicial, it is not unfairly so. The audio and video recordings are proof specific to one of the offenses charged. Ultimately, the proper treatment of the audio and video recordings is a matter of weight, not admissibility. *See United States v. Capers*, 61 F.3d 1100, 1106 (4th Cir. 1995); *United States v. Branch*, 970 F.2d 1368, 1371 (4th Cir. 1992). Accordingly, Mr. Thompson's Motion to Exclude the Government's Audio Video Recordings of November 27, 2022, [**ECF 108**], is **DENIED**.

### 2. Exclude Testimony of CI Regarding Any and All statements made by Phillip Gray to Joshua Gray [ECF 112]

Mr. Thompson seeks to exclude testimony of the confidential informant regarding statements made by co-defendants concerning Mr. Thompson during a drug transaction. In Count Three, Mr. Thompson is alleged to have provided Phillip Gray a half pound of methamphetamine. The Government's report contends Phillip Gray advised Joshua Gray that he was waiting on Mr. Thompson to bring the remaining half pound of methamphetamine for a transaction. Mr. Thompson asserts the recordings of this exchange "are completely void of any reference that [Mr.] Thompson was bringing a half pound and that he had brought a [half] pound." [ECF 112 at 2]. Mr. Thompson contends that the confidential informant interjected his name in the report and therefore asserts his involvement in this transaction was fabricated.

The Government did not address Mr. Thompson's argument that the confidential informant fabricated Mr. Thompson's involvement in the drug transaction. Rather, it asserts that any statements made by the co-defendants constitute party-opponent statements and are admissible under Rule 801(d)(2) of the *Federal Rules of Evidence*. [ECF 119 at 6]. Moreover, it asserts that

any statements made by Mr. Thompson's co-conspirators are not hearsay according to Rule 801(d)(2)(E) of the *Federal Rules of Evidence*.

The testimony of the confidential informant regarding Mr. Thompson's involvement in the drug transaction holds significant probative value as it helps depict the process of the defendants' drug operation and conspiracy alleged in Count Three. *See Miller*, 61 F.4th at 431 (finding evidence to be highly probative because it goes directly to the elements of an offense). Although the evidence is prejudicial, it is not unfairly so. The testimony regarding the statements is proof specific to one of the offenses charged. Ultimately, Mr. Thompson's challenge relates to the weight of the evidence as opposed to its admissibility. The Court is prepared to address this challenge anew at trial, but on the present record, Mr. Thompson's Motion to Exclude Testimony of CI Regarding Any and All statements made by Phillip Gray to Joshua Gray, [**ECF 112**], is **DENIED WITHOUT PREJUDICE**.

### 3. Exclude Four (4) Rap Music Videos [ECF 190]

Mr. Thompson seeks to exclude the four rap music videos disclosed by the Government. [ECF 190]. Mr. Thompson contends the videos (1) lack probative value, (2) are remote to the charged conduct and lack relevance, (3) are highly prejudicial nature, (4) are protected by the First Amendment, (5) constitute inadmissible character evidence, (6) lack authentication, (7) constitute fictional expressions that cannot be shown as factual, and (8) lack of proof that Mr. Thompson adopted the lyrics. [ECF 191]. The Government contends it "does not intend to introduce any evidence that constitutes 404(b) evidence." [ECF 211]. Rather, the only evidence it intends to introduce is testimony from co-conspirators at trial." [*Id.*]. The Court is prepared to address this challenge anew at trial, but on the present record, Mr. Thompson's Motion

to Exclude The Four (4) Rap Music Videos Disclosed by the Government, [**ECF 190**], is **DENIED WITHOUT PREJUDICE**.

### 4. Exclude Confidential Informant from Testifying [ECF 192]

Mr. Thompson seeks to exclude the Government's confidential informant ("CI") from testifying. [ECF 192]. He contends the Government failed to fully disclose requested documents from his previous motion to compel granted by Magistrate Judge Aboulhosn. The Government asserts it has fully complied with the motion to compel by providing Mr. Thompson with all known impeachment evidence regarding the CI. [ECF 207]. Moreover, the Government notes that Mr. Thompson has failed to offer concrete examples of the impeachment evidence he believes is in the Government's possession.

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The High Court has extended this holding to include impeachment evidence when a witness' credibility is determinative of a defendant's guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 154 (1972). However, the prosecution's obligation to disclose this evidence only applies when it is in their "actual possession, custody, or control." *United States v. Pinto*, 905 F.2d 47, 50 (4th Cir. 1990) (quoting *United States v. Gatto*, 763 F.2d 1040, 1048 (9th Cir. 1985)).

The Government agrees that the CI has played a material role in this case and therefore "has provided substantial impeachment material to the defendant." [ECF 207]. Inasmuch as the Government contends it is not in possession of any other impeachment evidence regarding

the CI, the Government cannot disclose such evidence. Accordingly, Mr. Thompson's Motion to Exclude Confidential Informant from Testifying, [**ECF 192**], is **DENIED**.

### 5. Exclude Any 404(b) Evidence [ECF 194]

Mr. Thompson requests to exclude any evidence the Government seeks to admit under Rule 404(b). [ECF 194]. Mr. Thompson contends the Government has failed to provide written notice of intention to use such evidence despite defense counsel's repeated requests. He further notes the Government has previously indicated that it did not intend to present any Rule 404(b) evidence, yet thereafter disclosed evidence of an audio interview of Eugene Derringer, who claimed Mr. Thompson purchased a home from Lee Ann Elkins for a sum of cash and controlled substances.

The Court directed the Government to provide notice as to whether it intends to use such evidence no later than November 8, 2024. [ECF 203]. The Government responded it "does not intend to introduce any evidence that constitutes 404(b) evidence." [ECF 211]. Accordingly, Mr. Thompson's Motion to Exclude Any 404(b) Evidence, [**ECF 194**], is **DENIED AS MOOT**.

### 6. Exclude the Codefendant John Gray's Testimony [ECF 241]

Lastly, Mr. Thompson requests to exclude testimony from John Gray. [ECF 241]. He contends Mr. Gray's debriefing record contains "statements that attribute drug activity after the indictment period" and that his testimony is unreliable. The Government responded the anticipated testimony by the co-defendant would provide information on how Mr. Thompson would obtain methamphetamine during the conspiracy and then provide it to his co-conspirators to distribute. [ECF 247 at 5]. Thus, the evidence establishes an element of the offense for which Mr. Thompson

is charged. Moreover, the Government contends Mr. Gray's anticipated testimony is corroborated by his entry of a guilty plea to distribution of methamphetamine during the alleged conspiracy.

The testimony of Mr. Gray regarding Mr. Thompson's involvement in the drug conspiracy holds significant probative value as it helps depict the process of the defendants' drug operation and conspiracy alleged. *See Miller*, 61 F.4th at 431 (finding evidence to be highly probative because it goes directly to the elements of an offense). Although the evidence is prejudicial, it is not unfairly so. The testimony regarding the drug operation is proof specific to one of the offenses charged. Ultimately, Mr. Thompson's challenge relates to the weight of the evidence as opposed to its admissibility. The Court is prepared to address this challenge anew at trial, but on the present, record Mr. Thompson's Motion to Exclude the Codefendant John Gray's Testimony, [**ECF 241**], is **DENIED WITHOUT PREJUDICE**.

E.     *Motion to Seal Objections to the Magistrate Judge's Order [ECF 141]*

Mr. Thompson seeks to seal his objections to the Magistrate Judge's Order inasmuch they contain "information derived from the discovery materials which includes confidential information from the Grand Jury." [ECF 141 at 2]. For good cause shown, the Court **GRANTS** the Motion [**ECF 141**]. The Clerk is directed to place the objections under seal.

F.     *Objections to Magistrate Judge [ECF 142]*

Mr. Thompson makes four objections to the Magistrate Judge's Order Denying Mr. Thompson's Motion to Dismiss the Indictment Due to Incorrect Information Provided to Grand Jury. [ECF 142]. First, Mr. Thompson objects on the ground the Magistrate Judge "addressed the perceived issue of the sufficiency of the factual evidence presented to the grand jury. Contrarily,

the issue set forth by the Defendant's Motion [] is the prejudicial effect of the false and misleading statements made to the grand jury that led to the Defendant being named in Count 2 of the indictment." [*Id.* at 1–2]. Second, Mr. Thompson objects to the Magistrate Judge's "ruling that the Court was 'being tasked with interpreting factual evidence presented to the grand jury.'" [*Id.* at 2]. Third, Mr. Thompson asserts "[t]he Court erred in accepting carte blanche the Government's argument 'that it has evidence that supports those allegations' in Count 2." [*Id.*]. Lastly, Mr. Thompson objects to the Magistrate Judge's finding of Count 1 regarding John Gray because "the grand jury was presented false evidence regarding the alleged conspiracy." [*Id.*].

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not, however, conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Respecting the first objection, Mr. Thompson claims the Magistrate Judge mistakenly perceived the issue at hand. The Court disagrees. The Magistrate Judge's Order merely stated, "[t]he Government states that the indictment returned by the Grand Jury is legally sufficient" and continued to note the rule of law for dismissal respecting errors in grand jury proceedings as follows:

> It is noted that a district court may not dismiss an indictment for error in grand jury proceedings unless the errors prejudiced the defendant. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255–56 (1988). The prejudicial inquiry must focus on whether the violations had an effect on the grand jury's decision to indict: dismissal is appropriate "only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Id.*

[ECF 131]. Moreover, the Magistrate Judge concluded "the Defendant simply has not

demonstrated that false testimony, misrepresentations, or *prejudicial errors* were presented to the Grand Jury to obtain the Indictment against him." [ECF 131] (emphasis added). Having established the Magistrate Judge addressed the issue of prejudicial effect, the objection is accordingly **OVERRULED.**

Respecting the second objection, Mr. Thompson claims the Magistrate Judge "erred in ruling that the Court was being tasked with interpreting factual evidence presented to the grand jury." Yet this statement was dicta not a ruling. Moreover, Mr. Thompson contends the audio evidence does not support the allegations in Count Two and further notes that "[i]n Order to determine whether the statements were false necessarily requires a review of the audio recordings." [ECF 142 at 4]. "The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994) (citations omitted); *see also United States v. Laffitte*, 121 F.4th 472, 492 (4th Cir. 2024). The Court agrees with the Magistrate Judge that Mr. Thompson is requesting the Court to interpret factual evidence, a matter reserved to the jury. Accordingly, the objection is **OVERRULED.**

As to the third objection, Mr. Thompson contends the Court "erred in accepting carte blanche the Government's argument 'that it has evidence that supports those allegations' in Count 2." [ECF 142 at 2]. However, the Magistrate did not simply accept this argument. The Magistrate Judge noted its review "of the pertinent portions of the Grand Jury transcript and the flash drive evidence that was admitted during the hearing," including the audio and video evidence. [ECF 131 at 4]. The Court finds no error committed by the Magistrate Judge. Accordingly, the objection is **OVERRULED.**

Lastly, Mr. Thompson contends the Court "erred as to Count 1 of the Indictment regarding John Gray because the grand jury was presented false evidence regarding the alleged conspiracy" inasmuch as the allegations identify the wrong defendant. Mr. Thompson asserts that the discovery provided involved Joshua Gray, a deceased individual, rather than John Gray who was identified. [ECF 142 at 6].

An indictment may be dismissed when false evidence is presented to the grand jury if there is the presence of prejudice or prosecutorial misconduct. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256, 260 (1988) (finding that "[b]ecause the record does not reveal any prosecutorial misconduct with respect to these summaries, they provide no ground for dismissing the indictment."). Under the prejudice standard, dismissal is appropriate "only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations. *Id.* at 356 (quoting *United States v. Mechanik*, 475 U.S. 66, 78 (1986)). "[T]he mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment." *Id.* at 261 (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)).

There is no evidence of prosecutorial misconduct, and defense counsel admits as much. [ECF 142 at 7 ("the Grand Jury was given false information even though it may not have been given intentionally.")]. In addition, the alleged error did not prejudice the defendant because it did not substantially influence the grand jury's charging decision. As the Magistrate Judge noted, "the Government states that it identified the correct defendant," such that John Gray has agreed to plead guilty to Count Four and thus dismiss Counts One and Five against him. [ECF 131 at 3 n.2]. Moreover, Mr. Gray's plea "underscores that any mistakes concerning the date [or defendant] in Count Five is of no moment to the Defendant's own conspiracy charge set forth in Count One."

14

[*Id.*]. Accordingly, the objection is **OVERRULED**.

Having considered Mr. Thompson's objections, and the Magistrate Judge's thorough analysis, the Courts finds no error in the Magistrate Judge's decision. Accordingly, the Court **OVERRULES** Mr. Thompson's objections [**ECF 142**], **ADOPTS** the Magistrate Judge's Order [**131**], and **DENIES** Mr. Thompson's Motion to Dismiss Indictment [**ECF 109**].

### III.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to the Defendant and his counsel, the United States Attorney, the United States Probation Officer, and the United States Marshal Service.

ENTER:    February 18, 2025

Frank W. Volk
Chief United States District Judge